UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BASF CORPORATION,

                                Plaintiff,                              **REPORT AND RECOMMENDATION**

               -against-                                       CV 21-3556 (DRH) (ARL)

MEDINA AUTO AND COLLISION, INC.
d/b/a MEDINA AUTO BODY,

                                Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       The plaintiff, BASF Corporation. ("BASF"), commenced this action on June 23, 2021, against the defendant, Medina Auto and Collision Inc. d/b/a Finest Auto Body ("Medina"), asserting claims for breach of contract and unjust enrichment. BASF also sought to have the Court enter a declaratory judgment with respect to BASF's and Medina's respective rights under a Requirements Agreement discussed in detail below.[1] On November 16, 2021, BASF moved for a default judgment. By order dated November 17, 2021, District Judge Hurley referred the motion to the undersigned to determine whether the motion should be granted and, if so, the appropriate amount of damages to be awarded. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff's motion for a default judgment be granted and the plaintiff be awarded $388,047.00.

## BACKGROUND

### A. Factual Background

       The following facts are taken from the complaint, the plaintiff's motion for default judgment and the exhibits attached to that motion. BASF is Delaware a corporation with a

---

[1] BASF has not moved for a default judgment on its claim for a declaratory judgment.

principal place of business in New Jersey. Compl. ¶ 1. BASF sells aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). *Id.* ¶ 3. Specifically, BASF sells the Refinish Products to distributors that in turn sell those products to automotive body shops. *Id.* Medina is a body shop located at 266 Main Street, Hempstead, New York, 11550 that was engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles. *Id.* ¶ 4.

According to the complaint, on or about March 26, 2018, BASF and Medina entered into a Requirements Agreement, pursuant to which Medina was required to purchase a minimum of $420,000.00 of Refinish Products and to only use BASF Glasurit and RM Refinish Products until it reached that minimum thus ending the term of the Requirements Agreement *Id.* ¶ 9, 23; Ex. A. Pursuant to paragraph 3 of the Requirements Agreement, BASF paid Medina $60,000.00 in consideration of fulfilling all of its obligations under the Requirements Agreement. *Id.* ¶ 10. If the Requirements Agreement was terminated for any reason prior to Medina purchasing a minimum of $420,000.00 of BASF Refinish Products, Medina was required to refund the $60,000.00 to BASF pursuant to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5th of Minimum Purchases | 110% |
| Less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| Less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| Less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| Less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |

| | |
|---|---|
| After 5/5th of Minimum Purchases | 0% |

*Id.* ¶ 11.  In addition, BASF also loaned Medina equipment for Medina's use in conjunction with BASF Refinish Products.  Pursuant to paragraph 5 of the Requirements Agreement, the loaned equipment was to remain the property of BASF and was to be returned to it at the end of the Requirements Agreement.  *Id.* ¶ 12-13.

In or about April 2020, Medina ceased its business operations before fulfilling its agreement to purchase a minimum of $420,000 in Refinish Products.  *Id.* ¶ 14.  Specifically, Medina had only purchased $108,890.00 worth of BASF Refinish Products leaving a purchase balance of $311,110.00 remaining due and owing to BASF.  *Id.* ¶ 16.  In fact, according to BASF, since at least April 2020, Medina has failed to purchase any BASF Refinish Products.  *Id.* ¶ 15.  Medina also failed to return any portion of the $60,000 contract fulfillment consideration paid by BASF or the finishing equipment loaned to it by BASF.  *Id.*  Pursuant to paragraph 3 of the Requirements Agreement, Medina was obligated to refund BASF 95% of the $60,000.00 or $57,000.00.  BASF further claims that the equipment that remains in Medina's possession is valued at $19,937.00.  *Id.* ¶ 18.

By letter dated August 13, 2020, BASF gave Medina notice that it was in default of its contractual obligations and demanded a refund of the contract fulfillment consideration.  *Id.* ¶ 20.  Despite such notice, to date, Medina has failed to satisfy its obligations under the terms of the Requirements Agreement.  *Id.* ¶ 21.

### B.  Procedural Background

As indicated above, BASF filed the complaint in this action on June 23, 2021.  ECF No. 1.  The summons and complaint were served on Medina by service on the New York Secretary of State on July 13, 2021.  ECF No. 6.  On August 4, 2021, BASF filed a request for a certificate

of default with the Clerk of the Court. ECF No. 8. Seven days later, the Clerk of the Court certified that Medina had failed to answer or otherwise move with respect to the complaint. ECF No. 8. On November 16, 2021, BASF filed the instant motion for a default judgment. ECF No. 9. ECF No. 14. Despite being served with a copy of the motion, to date, Medina has not opposed the motion for default judgment or responded in any way.

## DISCUSSION

### A.  Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). Thus, the movant need only prove that the

"compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

### B.     Breach of Contract Claim

Pursuant to the Requirements Agreement, performance or nonperformance under the agreement is governed by Michigan law.  Compl. Ex. A.  Under Michigan Law, "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Salamone v. Douglas Marine Corp.*, No. 1 19 CV 01213 MAD DJS, 2020 WL 7360211, at *5 (N.D.N.Y. Dec. 15, 2020) (citing *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014)).  Here, based on the allegations in the complaint, BASF has established that a contract existed between itself and Medina.  *See* Compl. Ex. A.  BASF has also alleged that it performed its obligations under the Requirements Agreement, paid consideration to Medina and remained ready and willing to continue to supply Refinish Products to Medina.  *Id.* ¶ 19; *see also Salamone,* 2020 WL 7360211, at *5 (under Michigan law, if a party commits a material breach, they are precluded from suing for a subsequent breach relating to the other party's performance).  Moreover, BASF has established that Medina failed to perform its obligations under the Requirements Agreement by closing its business before fulfilling the minimum purchase requirement of BASF Refinish Products, by failing to refund 95% of the $60,000 contract fulfillment consideration and by failing to return BASF's equipment.  Finally, BASF has established that it suffered actual damages attributable to this breach.  Accordingly, the undersigned respectfully recommends that BASF's motion for a default judgment be granted and it be awarded $311,110.00, which is due and owing under the Requirements Agreement, $57,000.00, which represents the unearned contract fulfillment consideration, and $19,937.00, which represents the current value of the equipment, for a total award of $388,047.00.

### C. Unjust Enrichment

"Under the laws of . . . Michigan, plaintiffs are routinely allowed to bring alternative claims for unjust enrichment and breach of contract." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 64 (S.D.N.Y. 2016) (citing *H.J. Tucker & Assocs., Inc. v. Allied Chucker & Eng'g Co.*, 234 Mich. App. 550, 595 N.W.2d 176, 182 (1999) (holding that "plaintiff was entitled to plead alternative" claims of contract and quasi-contract).[2] In order to establish a claim for unjust enrichment, plaintiffs must prove "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *AFT Mich. v. Michigan*, 846 N.W.2d 583 (2014), *aff'd sub nom AFT Mich. v. State of Michigan,* 497 Mich. 197 (2015). In this case, BASF has adequately alleged that Medina received the benefit of the $60,000.00 contract fulfillment of which 95% was unearned. BASF has also adequately alleged that Medina failed to return equipment that was loaned to it valuing $19,937.00. However, BASF is only entitled to a single measure of damages arising out of its alternative claims for breach of contract and unjust enrichment. Accordingly, the undersigned recommends that given its determination with respect to the breach of contract claim, BASF's motion for a default judgment on its unjust enrichment claim be denied.

### C. Costs

Finally, the undersigned respectfully recommends that BASF's request for costs be denied at this time. Typically, it is the Clerk of Court who first taxes a prevailing party's costs. *See* Fed. R. Civ. P. 54(d)(1).

---

[2] It warrants mention that in contrast to the law in Michigan, "New York law provides that a party can pursue alternative claims for unjust enrichment and breach of contract only '[w]here there is a bona fide dispute as to whether' an express contract governs the subject matter of the disagreement." *Alaska Elec. Pension Fund*, 175 F. Supp. 3d at 64.

6

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
         May 26, 2022                               _____/s/_____
                                                     ARLENE R. LINDSAY
                                                     United States Magistrate Judge