UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BASF CORPORATION,

                  Plaintiff,

   -against-                                **ORDER ADOPTING R&R**
                                                    21-CV-3556(DRH)(ARL)

MEDINA AUTO AND COLLISION,INC. d/b/a
FINEST AUTO BODY,

                  Defendant.
-----------------------------------------------------------------X

Presently before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, dated May 27, 2022, ("R&R") recommending that plaintiff's motion for a default judgment be granted and plaintiff be awarded $388,047.00. More than fourteen (14) days have passed since service of the Report and Recommendation and no objections have been filed.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report and Recommendation for clear error. For the reasons set forth below, the Court adopts the R&R only to the extent of awarding Plaintiff damages on its breach of contract claim in the amount of $76,937.00, and denying the motion on the unjust enrichment claim and the claim for costs. To the extent Plaintiff seeks additional damages, the motion for default judgment is denied without prejudice to renewal within twenty days of the date hereof.

## Background

Plaintiff is a manufacture of "after-market paints, refinishes, coatings, primers, thinners and reducers" ("Refinish Products") and Defendant is in the

business of refinishing and repainting the bodies of automobiles, trucks and other vehicles. On or about the March 26, 2018, the parties entered into a "Requirements Agreements," which agreement is the basis of plaintiff's claims herein.

Under the Requirements Agreement, Defendant was required "to purchase from an authorized BASF distributor one hundred percent (100%) of [its] Refinish Products requirements " during the term of the Agreement. That term began "with the first full calendar month subsequent to the Effective Date and continue until [defendant] have purchased $420,00 in the aggregate of BASF Glasurit and RM Products, at suggested refinish pricing . . . ." Plaintiff was to pay Defendant $60,000 "in consideration of [Defendant] fulfilling all of its obligations under this Agreement for the entire Term." However, if the Requirements Agreement terminated "for any reason prior to the expiration of the term," then Defendant was obligations to refund the $60,000 to Plaintiff in accordance with the schedule specified in the Requirements Agreement. Plaintiff was also to loan certain equipment to Defendant which was to be returned at the end of the agreement.

Defendant ceased business in April 2020, at which time it had only purchased $108,890.00 of BASF Refinish Product. As a result, $311,110, of Defendant's obligation to "to purchase from an authorized BASF distributor" remained unsatisfied. As a result, under the schedule in the Agreement, Defendant was obligated to refund 95% of the $60,000.00 or $57,000.00 and to return the equipment.

## The R&R

In the R&R Judge Lindsay concluded that BASF had established a contract between itself and Medina and that it performed its obligations under the Agreement. She further concluded while Medina had failed to fulfill its obligation by (1) not meeting nor fulfilling the minimum purchase amount, (2) not refunding $57,000.00 of the fulfillment consideration, and (3) not returning the equipment. She recommended awarding damages in the amount of $388,047.00 consisting of $311,110.00 "due under the requirements contract," $57,000 representing the unearned contract fulfillment consideration and $19,937.00 for the current value of the equipment.

## Discussion

Having reviewed the R&R for clear error, the Court discerns no error with respect to Judge Lindsay's conclusion that Plaintiff established the elements of a breach of contract action against Defendant and that Defendant breached the requirements agreement by not purchasing the full $420,000.00 in refinishing products, and not returning the "unearned' contract fulfillment consideration and the equipment. Nor does it discern any error in her conclusion that Plaintiff established damages in the amount of $57,000 for the unearned contract fulfillment consideration and $19,937.00 for the unreturned equipment. However, it finds the award of $311,110.00 under the requirements contract to be clearly erroneous.

This is not a case of goods sold and delivered in which event the "purchase price" would be the appropriate amount of damages. This case involves a requirements contract and therefore Plaintiff is entitled to damages *at most* in the amount of the profit it would have made had Plaintiff purchased the additional $311,110.00 refinishing products.[1] *See Atlas Oil Co. v. Extreme Petro. Servs. Co.,* 2022 WL 1431047, at *6 (E.D.Mich., May 5, 2022) ("The party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach.") quoting *Alan Custom Homes, Inc. v. Krol*, 256 Mich. App. 505, 512 (2003); *see also Kenwal Pickling, LLC v. PVS Tech., Inc.* 2022 WL 1194031 (Mich. Ct. Appeals. April 21, 2022) ("Under a requirements contract, the parties are expected to act in good faith and according to commercial standards of fair dealing in the trade. A party may be subject to liability for breach of contract if it acts in bad faith or seeks to unilaterally terminate the contract. However, a buyer does not breach a requirements contract by setting its requirements to zero—so long as zero is the buyer's good-faith requirement. A buyer acts in good faith if it had a business reason for deciding to reduce its requirements that was independent of the terms of

---

[1] The Court notes that Defendant was not to purchase the products directly from Plaintiff but rather from one of its "authorized dealers," and therefore Plaintiff is entitled to at most the profit it would have made from its sale of the products to an authorized dealer.

the contract or any other aspects of its relationship with[the seller") (internal quotation marks and citations omitted).[2]

## Conclusion

For the foregoing reasons, the Court adopts the R&R only to the extent of awarding Plaintiff damages in the amount of $76,937.00 and denying the motion on the unjust enrichment claim and the claim for costs. To the extent Plaintiff seeks additional damages, the motion for default judgment is denied without prejudice to renewal within twenty (20) days of the date hereof. Entry of judgment shall await the expiration of twenty days without Plaintiff renewing its motion or a decision on any such renewed motion, whichever occurs first.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
       June 27, 2022                         Denis R. Hurley
                                                  United States District Judge

---

[2] As noted by Judge Lindsay the Agreement provides it is governed by Michigan law.